348

## Walney v. Blackwell

*Charles Lyle Seif*, for plaintiff.
*Thomas E. Barton*, for defendant.

HARKINS, J., December 29, 1950.—This action is in trespass and was instituted by plaintiff by an action in a magistrate's court and defendant subsequently appealed to the county court. In due course plaintiff filed a written statement indicating that the subject matter of the complaint concerned damages to plaintiff's automobile which resulted from a collision between the automobile owned and operated by plaintiff and the truck owned and operated by defendant. This written statement was filed August 2, 1950.

The complaint also bore the endorsement: "To the above named defendant: You are hereby notified to plead to the enclosed complaint within twenty days from service hereof. Charles Lyle Seif, attorney for plaintiff"; and also the additional endorsement: "Jury Trial is hereby demanded. Charles Lyle Seif, attorney for plaintiff."

On September 28, 1950, in accordance with Pa. R. C. P. 1047, the attorney for plaintiff entered judgment against Curtis Blackwell, defendant, also filing at that time an affidavit of nonmilitary service as to defendant.

The matter subsequently came before the writer on December 13, 1950, appearing on the list at that time

by reason of an order of court issued by another member of this bench allowing plaintiff to waive the jury trial and ordering that the amount of damages sustained by plaintiff be liquidated at that time, the said order providing for notice by registered mail to the last known address of defendant.

At the time of the hearing defendant appeared and was given an opportunity by the writer to obtain counsel, who has presented a petition to strike off the judgment already entered and to place the case on the jury trial list for future disposition on its merits. The position taken by counsel for defendant is that the filing of the transcript of appeal from the alderman's office is in substance an appearance and that judgment cannot be entered against such defendant in a trepass action even though he is not represented by counsel.

After serious consideration of the merits of the petition to strike off judgment, we are constrained to grant the petition on the theory that the transcript from the alderman's office is in substance equivalent or pro tanto an appearance of defendant in propria persona. Defendant was required to do nothing further after he filed his transcript of appeal, except to defend the matter on the merits.

Had he desired to deny agency and instrumentality he, of course, would have been required to file an answer to plaintiff's complaint, but in this case he was the owner and operator of the vehicle involved in the collision and, of course, had no reason to file an answer on those points. His failure to file an answer cannot be taken as admitting his fault or negligence by default inasmuch as he already had filed his transcript of appeal from the judgment of the alderman. In cases, therefore, where defendants in trespass actions file transcripts of appeal from judgment of aldermen's courts and there is no appearance of counsel entered on their behalf, judgment under Pa. R. C. P. 1047

may not and should not be entered against such defendants for want of an appearance or failure to file an answer. It is clear that to do so would deprive such a defendant from having due process of law inasmuch as the merits of the case would be determined adversely to defendant without such defendant having an opportunity to be heard.

The petition to strike off the judgment hereinbefore entered is therefore granted and the prior order of this court of October 3, 1950, is hereby vacated and the case will be listed on the next jury trial list for disposition in the regular manner.